[No. 13759. Department Two. February 17, 1917.]

CARSTENS PACKING COMPANY, *Appellant*, v. W. H. MITCHELL
*et al.*, *Respondents*.[1]

APPEAL—REVIEW—FINDINGS. Where the proofs are not brought up
on appeal, the objection that they do not warrant the findings can-
not be considered.

MUNICIPAL CORPORATIONS—PUBLIC WORKS—BOND OF CONTRACTOR—
ACTIONS—NOTICE. Under Rem. & Bal. Code, § 1161, providing that
notice of furnishing materials and supplies to a contractor or sub-
contractor on public work must be given within thirty days from
and after the completion of the contract and acceptance of the work
by the city, in an action upon a bond it is necessary to show that
such notice was given, and also, that goods alleged to be supplied
to a boarding house keeper were furnished to a subcontractor of
the contractor, under Id., § 1159.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered March 22, 1916, upon findings in
favor of the defendants, in an action on a contractors' bond,
tried to the court. Affirmed.

*Thacker & Hancock*, for appellant.

*Weter & Roberts*, for respondents.

HOLCOMB, J.—In this appeal appellant brings up no
statement of facts, but brings up only the findings, conclu-
sions of law, and judgment, and the case must be determined
upon the findings. The findings are as follows:

"(1)   That during the year 1913 the city of Chehalis
entered into a contract with the defendant, W. H. Mitchell
for the construction of a gravity water system from a point
on the Newaukum river to the city of Chehalis.

"(2)   That thereafter the defendant, W. H. Mitchell, ex-
ecuted and filed a bond in accordance with the provisions of
the law of the state of Washington, in which the defendant,
Maryland Casualty Company, was surety, said bond being
conditioned as provided in the statutes of the state of Wash-
ington.

[1]Reported in 163 Pac. 1.

"(3)    That in the performance of said contract by W. H. Mitchell one J. S. McDermott ran a boarding camp at which the men employed by said W. H. Mitchell were boarded by the said J. S. McDermott.

"(4)    That the said J. S. McDermott while running the said boarding camp, at which the employees of the said W. H. Mitchell boarded, purchased of the plaintiff herein and used in said boarding camp between the 3rd day of June, 1914, and the 5th day of August, 1914, meat of the value of $694.34, of which only the sum of $300 has been paid.

"(5)    That the said meat was purchased from a market run by the plaintiff in the city of Chehalis which was commonly known as the Bon Ton Market, of which market the plaintiff was the exclusive owner and one C. B. Quick was the manager for plaintiff, being employed on a salary and having no ownership in or any interest in the profits of said market.    That on the 14th day of October, 1914, the plaintiff not having been paid for the merchandise so furnished, there was filed with the city clerk of the city of Chehalis, a claim in the words and figures following:

" 'October 14, 1914.

" 'To the City of Chehalis, a Municipal Corporation:

" 'Notice is hereby given that the undersigned Bon Ton Market, by C. B. Quick, proprietor, has a claim in the sum of four hundred twenty-four and 79-100 (424.79) dollars against a bond taken from W. H. Mitchell as principal and the Maryland Casualty Company as surety, upon the said bond for the work of building and constructing the Chehalis Water Works System from a point in the Newaukum River to Chehalis according to plans and specifications of said water works project on file in the clerk's office of the city of Chehalis, known as the Chehalis Gravity Water System.

" 'Bon Ton Market,

" 'By C. B. Quick.'

"Done in open court this 22d day of March, 1916.    A. E. Rice, Judge."

From the foregoing findings, the court concluded that appellant was entitled to no judgment against the defendants, or either of them, and that the defendants were entitled to judgment disallowing any claim of the plaintiff and for their costs.

There are two assignments of error; (1) that the findings do not support the judgment; (2) that the proofs do not warrant the decree. We cannot consider the second assignment because the proofs are not brought here.

Appellant asserts it was the theory of the respondents and of the trial judge that the notice set forth in the foregoing findings was defective, in that the claimant "Bon Ton Market by C. B. Quick, Proprietor," was not the real person who was the owner of the Bon Ton Market, it having been alleged and shown that the real owner of the Bon Ton Market was the appellant, and that Quick was only an agent or manager thereof.

Regardless of the form of the notice as a sufficient compliance with Rem. & Bal. Code, § 1161, there is another reason why appellant is not entitled to recover, and that is that the findings do not determine that any claim or notice was filed within thirty days after the completion of the work; nor does it appear that any provisions were furnished to a contractor or a subcontractor. It was alleged, and it is found, that the city of Chehalis entered into a contract with defendant Mitchell for certain construction work for the city; that defendant Mitchell executed and filed a bond in accordance with the provisions of the law of this state, in which the defendant Casualty Company was surety, the bond being conditioned as provided in the statutes of the state; that, in the performance of the contract by Mitchell, one McDermott ran a boarding camp at which the men employed by Mitchell were boarded by McDermott; that, while running the camp at which the employees of Mitchell boarded, McDermott purchased of appellant and used in the boarding camp between certain dates meat of the value of $649.34, of which only the sum of $300 was paid; that the meat was purchased from the market run by appellant; and so on. The original notice was dated October 14, 1914, but the statute (§ 1161, *supra*) provides that such claim or notice should be filed within thirty days from and after the completion of the contract

with, and acceptance of the work by, the city commission, and there is no finding here that the notice or claim was so filed, within thirty days from and after the completion of the contract with, and acceptance of the work by, the city, by the person or firm claiming to have supplied the provisions.

The case resting here on the findings so far as the proofs are concerned, it clearly appears that the appellant did not affirmatively comply with the statute upon which its claim rested. The findings are, therefore, sufficient to support the judgment that the appellant was entitled to no recovery.

There is a further total failure of proof, so far as the findings show, as to whether or not McDermott was a subcontractor of contractor Mitchell, and this also, under the statute above referred to and of Rem. & Bal. Code, § 1159, was a failure sufficient to prevent a recovery.

Upon the state of the record, the judgment must be affirmed. It is so ordered.

ELLIS, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.